Jeff Silvestri (NSBN 5779)
Rory T. Kay (NSBN 12416)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102
Telephone:  702.873.4100
Fax:  702.873.9966
jsilvestri@mcdonaldcarano.com
rkay@mcdonaldcarano.com

*Attorney for Defendant American Gaming Association*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC EHMANN,<br><br>            Plaintiff,<br><br>     vs.<br><br>DESERT PALACE, LLC, a Domestic Corporation, PARIS LAS VEGAS OPERATING COMPANY, LLC, a Domestic Corporation, CAESARS ENTERPRISE SERVICES, LLC, a Foreign Corporation, CPLV MANAGER, LLC, a Foreign Corporation, CEOC, LLC, a Foreign Corporation, CAESARS ENTERTAINMENT CORPORATION, a Foreign Corporation, CAESARS RESORT COLLECTION, LLC, a Foreign Corporation, and AMERICAN GAMING ASSOCIATION, a Foreign Corporation,<br><br>            Defendants. | CASE NO.:  2:19-cv-01199-APG-BNW<br><br>**DEFENDANT AMERICAN GAMING ASSOCIATION'S JOINDER TO CAESARS DEFENDANTS' MOTION TO DISMISS;**<br><br>**AND**<br><br>**SUPPLEMENTAL MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants Desert Palace, LLC ("Caesars Palace"), Paris Las Vegas Operating Company, LLC ("Paris"), Caesars Enterprise Services, LLC ("CES"), CPLV Manager, LLC ("CPLV"), CEOC, LLC ("CEOC"), Caesars Entertainment Corporation ("CEC"), and Caesars Resort Collection, LLC ("CRC") (collectively, the "Caesars Defendants") have moved to dismiss Plaintiff Eric Ehmann's ("Ehmann") Second Amended Complaint ("SAC").  Pursuant to this Joinder, Defendant American Gaming Association ("AGA") joins in and adopts the arguments

that the Caesars Defendants sets forth in their Motion, and all papers filed and arguments made in support thereof.

AGA further moves to dismiss based on arguments unique to AGA. Specifically, Ehmann alleges that AGA is a gaming industry trade association based out of Washington D.C., and as he concedes, AGA does not operate any gaming establishments in Nevada, nor does Ehmann allege he is a customer or member of AGA. Accordingly, Ehmann's federal RICO claim is defective in several respects as to AGA. First, Ehmann has failed to plead any specific fraudulent statement attributable to AGA, much less one that Ehmann relied upon while gaming as far back as 2002. Second, because AGA does not operate any gaming establishments in Nevada, AGA owes no duties to Ehmann regarding disclosure of information about gaming. Finally, again because Ehmann is not a customer or member of AGA, he cannot adequately plead that AGA caused his damages.

Ehmann's state claim, which he apparently bases on the Nevada Deceptive Trade Practices Act or the state RICO statute, fares no better. The state RICO statute does not provide a civil cause of action to Ehmann, and the Deceptive Trade Practices Act only covers persons who conduct business with the general public in Nevada. Ehmann has not alleged that AGA offered any goods or services for sale to him in Nevada. Moreover, as with his federal RICO claim, Ehmann has not identified any specific fraudulent statement attributable to AGA upon which he relied. Consequently, he has no viable state law claim against AGA under either RICO or the Deceptive Trade Practices Act.

AGA therefore respectfully requests that the Court grant this Motion and the Caesars Defendants' Motion and dismiss Ehmann's SAC without leave to amend.

Dated this 15th day of October, 2019.

McDONALD CARANO LLP

   */s/ Rory T. Kay*
Jeff Silvestri (NSBN 5779)
Rory T. Kay (NSBN 12416)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102

*Attorney for Defendant American Gaming Association*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Legalized gaming in Nevada may be the most heavily regulated industry in the United States. An entire chapter of the Nevada Revised Statutes is dedicated to it, and since 1955, the Nevada Legislature has charged the Nevada Gaming Control Board with doggedly supervising every facet of the industry including "all persons, locations, practices, associations, and activities related to the operating of licensed gaming establishments." NRS 463.0129(1)(c). Nevertheless, Plaintiff Eric Ehmann is attempting recover his gaming losses at various properties operated by the Caesars Defendants while generically claiming a multi-decade conspiracy between the Caesars Defendants and AGA to defraud gaming participants.

The gravamen of Ehmann's SAC is that the Caesars Defendants and AGA allegedly conspired to conceal the odds of winning casino games, disseminated false information about the risks and consequences of casino gaming, and denied any duty to address patrons who purportedly had "gambling dependence." Thus, Ehmann claims that, as a "problem" gambler, he would not have participated in gaming had he known his actual odds of winning. Ehmann names AGA, a gaming industry trade association, as a purported co-conspirator that allegedly "operated as a public relations and lobbying arm" of the Caesars Defendants. Based on this purported

1  conspiracy, Ehmann alleges two causes of action, one under Nevada law[1] and another for civil
2  RICO based on federal law.

3  Ehmann's SAC, however, suffers from several fatal flaws that require dismissal. Ehmann
4  does not allege that AGA operates any gaming establishments in Nevada, nor that he was a
5  customer or member of AGA. He does not identify any specific fraudulent statement by AGA,
6  nor one that he relied upon in allegedly gaming at the properties operated by the Caesars
7  Defendants. Finally, Ehmann does not have any legal basis by which he can assert civil causes of
8  action based upon criminal statutes. Consequently, his causes of action fail and require dismissal.

9  **II.     ARGUMENT[2]**

10  **A.     Ehmann Has Not Pleaded Essential Elements of His Federal RICO Claim.**

11  1.   Ehmann has shown no false statement by AGA or any reliance by him upon the same.

13  Here, Ehmann's federal RICO claim sounds in mail and wire fraud. *See* SAC at ¶ 104.
14  Accordingly, as this Court has previously explained, the claim is subject to a heightened pleading
15  standard under FRCP 9(b) and Ehmann must plead the "who, what, when, where, and how" of the
16  purportedly fraudulent scheme to avoid dismissal. *See Armstrong v. Reynolds*, 2019 WL 1062364
17  at *6 (Mar. 6, 2019) (stating the particularity standard under FRCP 9 "requires a plaintiff to
18  identify the who, what, when, where, and how of the misconduct charged, as well as what is false
19  or misleading about the purportedly fraudulent statement, and why it is false."). He must also
20  plead that he relied upon the purportedly fraudulent statements in acting to his detriment. *See*
21  *Poulos v. Caesars World, Inc.*, 2002 WL 1991180 at *9 (D. Nev. June 25, 2002) ("In order to
22  prove a civil RICO claim predicated on mail or wire fraud, a plaintiff must demonstrate reliance
23  on a misrepresentation made in furtherance of the fraudulent scheme."). He has failed to do either
24  in this case.

---

[1]  Ehmann does not cleanly plead this claim and appears to suggest that Nevada's Unfair Trade Practice Act provides the basis for the state RICO claim. *See* SAC at ¶¶ 92-102.
[2]  To conserve the Court's time, the AGA incorporates the statement of facts included in the Caesars Defendants' Motion.

Ehmann identifies four specific statements purportedly made by the AGA, but he does not plead what is false about the statement or why it is false. *See id.* Specifically, Ehmann only pleads these statements by AGA:

- **From a 2013 Wall Street Journal article**: "Geoff Freeman, president of AGA, is quoted elsewhere as stating 'There is a set standard to determine [alcohol inebriation]. Nothing of that sort exists to measure what level is to have gambled too much.'" (SAC at ¶ 57)

- **From the current AGA website**:
    - "Our research brings forward data and expert perspectives to educate elected officials, community leaders, and the public at large about casino gaming's positive economic impact." (SAC at ¶ 60)
    - "The gaming industry remains a powerful economic engine and a dynamic job creator." (SAC at ¶ 60)
    - "90 percent of casino visitors practice responsible gaming." (SAC at ¶ 60)

Though Ehmann cites to a professor at the University of Illinois who offers his opinion on "problem" gambling, Ehmann never cites what is specifically false about Freeman's statement regarding the lack of an onsite standard to determine problem gambling, nor identifies an actual standard. *See* SAC at ¶ 58. Moreover, regarding the statements on AGA's website, the first two are statements of opinion and thus not actionable in fraud. *See Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294 (7th Cir. 2003); *see also Taveras v. Resorts Int'l Hotel, Inc.*, 2008 WL 4372791 (D.N.J. Sept. 19, 2008). Nor does Ehmann identify what is false about the third citation or why it is false, and his assertion that "the evidence" will show the opposite is not enough to carry his heightened pleading standard. Consequently, Ehmann fails to establish the baseline requirement of falsity necessary to plead a fraud-based cause of action.

Similarly, Ehmann has failed to plead any reliance upon the identified AGA statements. *See Poulos*, 2002 WL 1991180 at * 9 (D. Nev. June 25, 2002) ("[A] plaintiff must demonstrate reliance on a misrepresentation made in furtherance of the fraudulent scheme.") Ehmann cites purported AGA statements currently on AGA's website, yet Ehmann concedes he stopped gaming

in April 2018. *See* SAC at ¶ 33. Thus, he could not have relied upon statements on AGA's current website. This is also true for the Wall Street Journal article quoting Freeman. Ehmann does not claim to have read the article or relied upon it in gaming at the Caesars Defendants' properties. Without having done so, he has failed to allege reliance necessary to maintain a cause of action based upon fraud.

In sum, not only has Ehmann failed to plead the falsity of the purported AGA statements with the required specificity under FRCP 9(b), but he has also failed to plead justifiable reliance on the same. Accordingly, absent such allegations, Ehmann's federal RICO claim based upon purported mail and wire fraud fails.

       2.     There is no duty running between AGA and Ehmann regarding gaming activities.

Beyond the specifically identified statements above, Ehmann also attempts to maintain a theory that the Caesars Defendants and AGA assumed duties to disclose the "risks" of casino gaming and that they violated these duties by concealing "material facts about the odds of winning and the causes and prevalence of problem gaming." SAC at ¶ 84. But as the Caesars Defendants correctly point out, there is no duty of disclosure running from the Caesars Defendants to Ehmann because there is no fiduciary or special relationship between them. *See* Caesars Defendants' Motion at 13:11-14:20; *see also Reno Technology Ctr. 1, LLC v. New Cingular Wireless PCS, LLC*, 2019 WL 507461 (D. Nev. Feb. 7, 2019).

This is even more true regarding the AGA because Ehmann does not allege that he has **any** relationship with the AGA. Ehmann admits that AGA is a non-profit corporation located in Washington, D.C., and that it accordingly has no gaming properties in Nevada. *See* SAC at ¶ 27. Ehmann does not contend that he participated in gaming activities with the AGA, that he is a customer of the AGA, or even that he is a member of the AGA. *See generally id.* at ¶¶ 27-28. Accordingly, there is no relationship between Ehmann and AGA upon which any duty can be based. He cannot maintain his theory that AGA failed to disclose material facts about gaming to him because AGA had no duty to disclose.

          3.     Ehmann has not pleaded any proximate causation by AGA.

The Caesars Defendants astutely argue that Ehmann has failed to plead proximate causation by the Caesars Defendants to establish his federal RICO claim. *See* Caesars Defendants' Motion at 15:10-17:27. This is also true regarding AGA because, as discussed above, AGA is not a gaming operator and consequently Ehmann does not allege that he suffered any economic losses in a property owned by AGA. *See* SAC at ¶ 33. Moreover, even if he had, he has not shown any causal connection between such losses and the statements or actions he attributes to the AGA. *See generally id.* As such, he has failed to sufficiently allege the damages element of his federal RICO claim.

    **B.**    <u>**Ehmann Similarly Fails to Plead His State Law Claim**</u>.

Ehmann also attempts to allege a state law claim as his first cause of action. *See id.* at ¶¶ 91-102. It is unclear what specific cause of action he is alleging because he cites both the Nevada RICO statute (NRS 205.377) and the Nevada Deceptive Trade Practices Act (NRS 598.0903 et seq.). *See id.* at ¶ 92. Ehmann's liberal references to "co-conspirators," "devices," and "artifices" suggests he is alleging a RICO claim, but AGA has no way to step into Ehmann's mind to determine which claim he is suggesting. *See, e.g., id.* at ¶¶ 95-98 and 102.

In any event, as the Caesars Defendants explained, whether the cause of action falls under Nevada's RICO statute or the Deceptive Trade Practices Act is immaterial because both fail as a matter of law. *See* Caesars Defendants' Motion at 20:1-21:27. To the extent Ehmann is alleging a state RICO violation, the statute he identifies only applies to criminal matters and does not provide him with a civil claim. *See* NRS 205.377. Additionally, as described above, Ehmann has failed to allege with particularity any criminal activity by AGA.

And if he is alleging a Deceptive Trade Practices Act claim, not only has Ehmann failed to particularly allege any fraud by AGA, but he has also failed to allege that AGA conducts any business in Nevada offering a good or service to the public. *See generally* SAC. The deceptive trade practices covered by NRS Chapter 598 occur in the "course of [a] business or occupation" and involve "goods or services" or a "transaction" between a consumer and a business supplying goods or services. *See* NRS 598.0915 (defining "deceptive trade practice" under the statute).

Here, Ehmann has not alleged that AGA offered any good or service in Nevada, much less to Ehmann, and so he cannot use the Deceptive Trade Practices Act to hold AGA liable for its commercial speech in supporting the gaming industry. *See generally* SAC.

**III.   CONCLUSION**

Despite a thirty-two-page SAC, Ehmann has failed to allege any viable claim for relief against AGA, nor can he with leave to amend a third time. His federal RICO claim fails because he has not and cannot allege multiple essential elements. His state law claim, whether sounding in RICO or the Deceptive Trade Practice Act, fails for similar reasons.

Accordingly, AGA respectfully requests that the Court grant the Motion and dismiss Ehmann's SAC without leave to amend.

Dated this 15th day of October, 2019.

MCDONALD CARANO LLP

 /s/ Rory T. Kay
Jeff Silvestri (NSBN 5779)
Rory T. Kay (NSBN 12416)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102

*Attorney for Defendant American Gaming Association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on the 15th day of October, 2019, a true and correct copy of the foregoing **DEFENDANT AMERICAN GAMING ASSOCIATION'S JOINDER TO CAESARS DEFENDANTS' MOTION TO DISMISS; AND SUPPLEMENTAL MOTION TO DISMISS SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification and also was served via U.S. Mail, postage prepaid, to the following:

Eric Ehmann
P.O. Box 2366
Appleton, WI 54912
(*Pro Se Plaintiff*)

      /s/ *CaraMia Gerard*
      An employee of McDonald Carano LLP