1   Jeff Silvestri (NSBN 5779)
    Rory T. Kay (NSBN 12416)
2   McDONALD CARANO LLP
    2300 W. Sahara Ave, Suite 1200
3   Las Vegas, NV 89102
    Telephone:  702.873.4100
4   Fax:  702.873.9966
    jsilvestri@mcdonaldcarano.com
5   rkay@mcdonaldcarano.com

6   *Attorney for Defendant American Gaming*
    *Association*

7
                    **UNITED STATES DISTRICT COURT**
8                      **DISTRICT OF NEVADA**

9   ERIC EHMANN,                          CASE NO.:  2:19-cv-01199-APG-BNW

10                  Plaintiff,

11       vs.

12   DESERT PALACE, LLC, a Domestic        **DEFENDANT AMERICAN GAMING**
     Corporation, PARIS LAS VEGAS          **ASSOCIATION'S JOINDER TO**
13   OPERATING COMPANY, LLC, a             **CAESARS DEFENDANTS' REPLY IN**
     Domestic Corporation, CAESARS         **SUPPORT OF MOTION TO DISMISS;**
14   ENTERPRISE SERVICES, LLC, a
     Foreign Corporation, CPLV             **AND**
15   MANAGER, LLC, a Foreign
     Corporation, CEOC, LLC, a Foreign     **REPLY IN SUPPORT OF**
16   Corporation, CAESARS                  **SUPPLEMENTAL MOTION TO DISMISS**
     ENTERTAINMENT CORPORATION,            **SECOND AMENDED COMPLAINT**
17   a Foreign Corporation, CAESARS
     RESORT COLLECTION, LLC, a
18   Foreign Corporation, and AMERICAN
     GAMING ASSOCIATION, a Foreign
19   Corporation,

20                  Defendants.

21

22       In opposing AGA's Motion to Dismiss, Plaintiff Eric Ehmann ("Ehmann") cites a lone

23   case involving mail fraud under 18 U.S.C. § 1341 but otherwise provides no case law addressing

24   the arguments in AGA's Motion.  Specifically, AGA, while joining the Caesars Defendants'

25   Motion, argued that Ehmann had not pleaded several essential elements of his fraud-based claims

26   in the Second Amended Complaint ("SAC"), including a false statement by AGA, reliance upon

27   the same, proximate causation, and any duty or relationship between Ehmann and AGA that would

28

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD CARANO

1   require the disclosures Ehmann seeks regarding the gaming industry.  *See* Motion at 4:11-7:9

2   (ECF No. 26).

3       Ehmann does not rebut these arguments.  Instead, he directs the Court to his proposed

4   Third Amended Complaint ("TAC") and several purportedly new allegations therein.  *See*

5   Opposition at ¶¶ 4-12 (each referencing allegations in the TAC) (ECF No. 34).  He provides no

6   citations to his SAC, which is the target of AGA's Motion.  *See generally id.*  In failing to address

7   the SAC, Ehmann offers no defense of his SAC and therefore concedes under Local Rule 7-2(d)

8   that the Court can grant AGA's Motion because the SAC is defective.  *See* LR 7-2(d) ("The failure

9   of an opposing party to file points and authorities in response to any motion . . . constitutes a

10  consent to the granting of the same.").[1]

11      And even if the Court treats Ehmann's Opposition as focusing on the SAC, it still fails to

12  rebut any of the arguments AGA raised in its Motion.  First, AGA argued that Ehmann did not

13  satisfactorily plead a false statement of fact by AGA upon which he relied in gaming at the Caesars

14  Defendants' properties.  *See* Motion at 4:11-6:9 (ECF No. 26).  Ehmann's Opposition does not

15  identify any specific statement of fact in the SAC, why it is false, or how he relied upon the same.

16  *See* Opposition at ¶¶ 6-9 (ECF No. 34).  On the contrary, Ehmann takes issue with AGA's

17  statements of opinion on AGA's website and from its executives regarding consumer protections,

18  fairness, transparency, and the identification of problem gamblers.  *See id.*  But statements of

19  opinion are not actionable in fraud, and so they do not provide Ehmann with a legal basis to

20  maintain his SAC.  *See Sierra Diesel Injection Serv. v. Burroughs Corp. Inc.*, 651 F. Supp. 1371,

21  1377 (D. Nev. 1987) (explaining "statements of opinion are not actionable as fraud").  Ehmann

22  has not pleaded a false statement of fact by AGA upon which he relied, and so the Court can grant

23  AGA's Motion.

24      Second, though AGA argued it had no duty of disclosure to Ehmann regarding the gaming

25  industry because the parties had no relationship, Ehmann does not mention duty once in his

26

27  [1]   AGA will not argue the TAC's merits as Ehmann wishes to do because that is addressed
28  in separate briefing on Ehmann's Motion for Leave to File Third Amended Complaint.

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD CARANO

1  Opposition.  *See generally* Opposition (ECF No. 34).  Ehmann does not claim in his Opposition

2  that he is a customer or member of AGA, that he frequented a gaming establishment operated by

3  AGA, or even that AGA offers any goods or services to the public in Nevada.  *See generally id.*

4  Ehmann offers no other facts showing any relationship between himself and AGA that would

5  create a duty to disclose information about the gaming industry.  *See generally id.*  Thus, while

6  Ehmann may wish such a duty existed, he provides no case law or statute supporting the same,

7  and the Court is not free to impose a duty in the absence of such legal authority.  *See Nevada*

8  *Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1417 (D. Nev. 1995) ("It is axiomatic that an

9  individual may only be subject to liability for nondisclosure when he is under a duty to the other

10  to exercise reasonable care to disclose the matter in question."); *see also Reno Technology Ctr. 1,*

11  *LLC v. New Cingular Wireless PCS, LLC*, 2019 WL 507461 (D. Nev. Feb. 7, 2019).

12  Third, as did the Caesars Defendants, AGA contended Ehmann's SAC did not reveal a

13  nexus between AGA's purported fraudulent acts and Ehmann's damages satisfying the proximate

14  causation element.  *See* Motion at 7:1-9 (ECF No. 26).  In his Opposition, Ehmann does not

15  address this point and instead attempts to collapse the distinction between the Caesars Defendants

16  and AGA to suggest that the alleged acts of the Caesars Defendants are those of AGA.  *See*

17  Opposition at ¶ 12 (claiming AGA is "complicit in Caesars' fraudulent acts") (ECF No. 34).  There

18  is no legal support for Ehmann's position.  Even worse, the Caesars Defendants have correctly

19  pointed out that their alleged acts did not proximately cause any harm to Ehmann.  *See* Caesars

20  Defendants' Motion to Dismiss at 15:8-17:27 (ECF No. 24).  As such, even if Ehmann could

21  collapse the distinction between the Caesars Defendants and AGA, he has not alleged any

22  proximate causation by any of the Defendants in his SAC.  Nor does his Opposition cure this flaw.

23  Finally, Ehmann has not rebutted AGA's argument that his state law cause of action is

24  legally defective.  *See* AGA's Motion to Dismiss at 7:11-8:3 (ECF No. 26).  In his Opposition,

25  Ehmann clarifies that he is invoking NRS 205.377, NRS 598.0915, and NRS 41.600 to provide

26  the bases for his first cause of action.  *See* Opposition at 5 (ECF No. 34).  But this does nothing to

27  cure the defects, as Ehmann cannot rely upon any of these statutes to assert a claim against AGA.

28  NRS 205.377 is a criminal statute and does not provide for civil liability.  *See* Caesars Defendants'

1  Motion at 20:22-21:7 (ECF No. 24).  NRS 598.0915 falls within Nevada's Deceptive Trade

2  Practices Act, which covers transactions between businesses supplying goods or services and

3  customers purchasing the same.  *See* AGA's Motion to Dismiss at 7:23-8:3 (ECF No. 26).  But

4  Ehmann has not alleged that AGA provides any good or service in Nevada to the public, nor that

5  he was a customer or member of AGA.  *See generally* SAC.  Thus, the Deceptive Trade Practices

6  Act has no application to AGA.  Finally, NRS 41.600 permits a private cause of action for any

7  person "who is a victim of consumer fraud," but the predicate "consumer fraud" is an act that

8  violates the Nevada Deceptive Trade Practices Act.  NRS 41.600(1)-(2).  Because AGA is not

9  liable under the Deceptive Trade Practices Act, NRS 41.600 does not provide a cause of action

10  for Ehmann against AGA.

11  　　　　Consequently, though Ehmann has filed three pleadings with the Court and now his current

12  Opposition, he has been unable to cure any of the pleading defects.  Several essential legal

13  elements of his causes of action are incomplete, and so he has failed to state a claim under FRCP

14  12.  AGA therefore respectfully requests that the Court grant its Motion and dismiss Ehmann's

15  SAC with prejudice.

16  　　　　Dated this 1st day of November, 2019.

17  　　　　　　　　　　　　　　　　　　McDONALD CARANO LLP

18

19  By: */s/ Rory T. Kay*
　　　　　　　　　　　　　　Jeff Silvestri (NSBN 5779)

20  　　　　　　　　　　　　　Rory T. Kay (NSBN 12416)
　　　　　　　　　　　　　　McDONALD CARANO LLP
　　　　　　　　　　　　　　2300 W. Sahara Ave, Suite 1200

21  　　　　　　　　　　　　　Las Vegas, NV 89102

22  　　　　　　　　　　　　　*Attorney for Defendant American Gaming*
　　　　　　　　　　　　　　*Association*

23

24

25

26

27

28

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966
McDONALD CARANO

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on the 1st day of November, 2019, a true and correct copy of the foregoing **DEFENDANT AMERICAN GAMING ASSOCIATION'S JOINDER TO CAESARS DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS; AND REPLY IN SUPPORT OF SUPPLEMENTAL MOTION TO DISMISS SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification and also was served via U.S. Mail, postage prepaid, to the following:

Eric Ehmann
P.O. Box 2366
Appleton, WI  54912
(*Pro Se Plaintiff*)

 /s/ *CaraMia Gerard*
An employee of McDonald Carano LLP