**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ERIC EHMANN,

                Plaintiff,

    v.

DESERT PALACE, LLC, et al.,

                Defendants.

Case No. 2:19-cv-01199-APG-BNW

**Order Granting Motions to Dismiss, Denying Motion to Amend, and Granting Leave to File a Third Amended Complaint**

**[ECF Nos. 24, 26, 33]**

Plaintiff Eric Ehmann filed a complaint and a first amended complaint seeking monetary and injunctive relief.  Ehmann alleges the defendants violated Nevada and federal statutes by engaging in fraudulent conduct. ECF Nos. 1, 4.  A week later, he filed a motion seeking leave to file a Second Amended Complaint (SAC), which was unopposed.[1] ECF No. 6.  The SAC became the operative complaint on August 14, 2019. ECF No. 16.

The essence of Ehmann's claims is that the defendants conspired to conceal the odds of winning casino games, disseminated false information about the risks and consequences of casino gambling, and breached their duty to address patrons who suffer from gambling dependence.  For this conduct, he sues Desert Palace (Caesars Palace), Paris Las Vegas Operating Company (Paris), Caesars Enterprise Services (CES), CPLV Manager (CPLV), Caesars Entertainment Corporation (CEC), Caesars Resort Collection (CRC), and American Gaming Association (AGA).

Defendants Caesars Palace, Paris, CES, CPLV, CEC, and CRC (referred to at times as the Caesars Defendants) move to dismiss the SAC. ECF No. 24.  Defendant AGA joins and supplements the motion. ECF Nos. 26, 27.

---

[1] The parties stipulated that the defendants would not oppose that request. ECF No. 11.

1    Based on the current deficiencies in the SAC, I grant the defendants' motions to dismiss.

2    I deny Ehmann's motion to amend under Local Rule 7-2(d) for failure to cite points and

3    authorities in support of his motion.  But because Ehmann may be able to correct the deficiencies

4    in the SAC, I grant him leave to file a third amended complaint.

5    **I.      Legal Standard**

6    A properly pleaded complaint must provide a "short and plain statement of the claim

7    showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*,

8    550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands

9    more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of

10   action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  The complaint must set

11   forth coherently "who is being sued, for what relief, and on what theory, with enough detail to

12   guide discovery." *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  "Factual

13   allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

14   U.S. at 555.  To survive a motion to dismiss, a complaint must "contain[] enough facts to state a

15   claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quotation omitted).

16   I apply a two-step approach when considering motions to dismiss. *Id.*  First, I must accept

17   as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint

18   in the plaintiff's favor. *Id*. at 678; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir.

19   2013).  Legal conclusions, however, are not entitled to the same assumption of truth even if cast

20   in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.  Mere recitals

21   of the elements of a cause of action, supported only by conclusory statements, do not suffice.

22   *Iqbal*, 556 U.S. at 678.

23   Second, I must consider whether the factual allegations in the complaint allege a plausible

24   claim for relief. *Id*. at 679.  A claim is facially plausible when the complaint alleges facts that

25   allow the court to draw a reasonable inference that the defendant is liable for the alleged

26   misconduct. *Id*. at 678.  Where the complaint does not permit the court to infer more than the

27   mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the

28   pleader is entitled to relief." *Id*. at 679 (quotation omitted).  When the claims have not crossed the

line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.     Analysis

### A.     Claims based on a violation of federal RICO statutes

Ehmann's second claim is based on a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), which punishes those who commit two criminal acts associated with racketeering activity involving interstate commerce within a ten-year period. 18 U.S.C. §§ 1961-1968.  The defendants argue that Ehmann (1) has not pleaded the predicate criminal acts, (2) has not met the heightened pleading standard of Federal Rule of Civil Procedure 9(b), and (3) lacks standing.  They also argue that other courts have consistently rejected similar claims.

In a civil RICO case, the plaintiff must show (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, (5) causing injury to the plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005); 18 U.S.C. § 1964(c).  Racketeering includes acts of murder, kidnapping, arson, drug dealing, and mail and wire fraud, among others. 18 U.S.C. § 1961(1).  The two criminal acts must have been committed within ten years of each other. *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2097 (2016) (citing to § 1961(5) for the proposition that a "pattern of racketeering activity" requires at least two predicates committed within ten years of each other).  In addition, to have standing to sue under § 1964(c), a plaintiff must show "(1) that his alleged harm qualifies as injury to his business or property and (2) that his harm was 'by reason' of the RICO violation, which requires the plaintiff to establish proximate causation." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008).

Ehmann's RICO claim suffers from several defects.  While he seems to be identifying mail and wire fraud as underlying acts upon which he bases his RICO claim, he must make that clear.  The elements of mail and wire fraud are: (1) formation of a scheme or artifice to defraud, (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme,

1    and (3) specific intent to deceive or defraud. *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir.

2    2013).

3        In addition, Ehmann must plead the fraudulent acts with particularity under Federal Rule

4    of Civil Procedure 9(b). *See Edwards v. Marin Park Inc.*, 356 F3d 1058, 1065-66 (9th Cir. 2004)

5    (explaining that in civil RICO fraud claims, the circumstances constituting fraud shall be stated

6    with particularity).  Thus, Ehmann must (1) identify with specificity each of the statements he

7    alleges the defendants made in their marketing promotions that were fraudulently deceptive and

8    misleading, and (2) explain how each statement is false or misleading.  When listing the allegedly

9    fraudulent statements, Ehmann must ensure that the statements are not simply statements of

10    opinion, as those are not actionable. *See Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774

11    F.3d 598, 606 (9th Cir. 2014) (explaining that "puffing" and other expressions of opinion are not

12    objectively false statements).[2]  Also, to the extent Ehmann claims fraudulent concealment or

13    omissions on the defendants' part, he must show that the defendants were under a duty to disclose

14    the concealed or omitted facts to Ehmann. *See Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d

15    282, 287 (9th Cir. 1988), (overruled on other grounds by *Ticknor v. Choice Hotels Int'l, Inc.*, 265

16    F.3d 931 (9th Cir. 2001)).

17        The defendants also argue that Ehmann's claims are barred by the statute of limitations.

18    "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of

19    the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air*

20    *Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and

21    quotation omitted); *see also Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("Dismissal

22    on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only if the

23    assertions of the complaint, read with the required liberality, would not permit the plaintiff to

24    prove that the statute was tolled." (quotation omitted)).  A limitation period begins to run "from

25

26    [2] This includes any statements Ehmann is relying on from magazines, websites, YouTube, or claims

27    involving the targeting of minors.  The SAC is extremely long and contains many allegedly fraudulent
     statements that are actually statements of opinion or puffery.  The SAC also contains other allegedly

28    fraudulent statements with no explanation of how the statements are false.  Thus, I will not address each
     statement individually.

the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997).  A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)).  Nevada has adopted the discovery rule, so time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).  Ehmann should keep these principles in mind when drafting his third amended complaint.

Ehmann also must show that he has standing to sue under 18 U.S.C. § 1964(c).  To do so, he must show (1) his alleged harm qualifies as an injury to his business or property, and (2) his harm was caused by the RICO violation.  The SAC does not make clear how either of these two prongs is met.  Allegations of harm to the public at large and claims that do not link the harm to the RICO violation will not suffice.  Ehmann can recover only for his own injury.  Accordingly, he must identify what his injury is and show how his injury directly flows from the alleged violations. *Brown v. Bettinger*, No. 2:15-CV-00331-APG, 2015 WL 4162505, at *4 (D. Nev. July 8, 2015).

Finally, I am aware that similar claims have been rejected by other federal courts.  Ehmann's claims will be evaluated on their own and only after he is provided the opportunity to correct the current deficiencies.

### B.    Claims under Nevada Statutes

Ehmann's first claim is based Nevada Revised Statutes § 205.377, the Nevada counterpart to the federal RICO claim.  He also cites to violations of the Nevada Deceptive Trade Practices Act (NDTPA) as part of this claim.

Section 205.377 is a criminal statute.  While some criminal statutes contain civil enforcement provisions, this statute does not.  The Supreme Court of Nevada has stated that "the absence of an express provision providing for a private right of action to enforce a statutory right

1    strongly suggests that the Legislature did not intend to create a privately enforceable judicial

2    remedy." *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 101 (Nev. 2008) (en banc).  Because

3    § 205.377 does not expressly provide for a private right of action, I will not imply one directly

4    under the criminal statute.

5        However, § 205.377(5) provides that a "violation of this section constitutes a deceptive

6    trade practice for the purposes of" the NDTPA.  To bring a claim under the NDTPA, Ehmann

7    must establish that (1) an act of consumer fraud by the defendant, (2) caused (3) damages to him.

8    *Ames v. Caesars Entm't Corp.*, No. 2:17-cv-2910-GMN-VCF, 2019 WL 1441613, at *3 (D. Nev.

9    Apr. 1, 2019).  Ehmann must ensure that this claim is also pleaded according to the standard in

10   Federal Rule of Civil Procedure 9(b) and that the allegations clearly identify the bases of his

11   claims.

12       **C.    Defendants CES, CPLV, CEOC, CEC, CRC, and AGA**

13       Plaintiff's SAC fails to specify how defendants CES, CPLV, CEOC, CEC, and CRC are

14   involved in any wrongdoing, as Ehmann's allegations of fraud are attributed to Caesars Palace

15   and Paris.  As to AGA, it is also unclear what Ehmann's relationship is with this company or how

16   it owes him any duty that would give rise to liability.  If Ehmann chooses to include these

17   defendants in his amended complaint, he must identify what conduct they engaged in that gives

18   rise to liability.

19       **D.    Amendment**

20       I deny Ehmann's motion to amend under Local Rule 7-2(d) because it is not supported by

21   points and authorities.  In addition, the proposed third amended complaint does not cure the

22   deficiencies identified in this order.  I will grant Ehmann leave to amend to cure these

23   deficiencies if facts exist to do so.  Ehmann's SAC is long and convoluted.  While I sympathize

24   with his status as a *pro se* litigant, I strongly encourage Ehmann to carefully review this order and

25   the defendants' motions so that his third amended complaint cures the identified defects.

26       I advise Ehmann that the third amended complaint must be a complete document in and of

27   itself, and it will supersede the SAC in its entirety.  Any allegations, parties, or requests for relief

28

from prior papers that are not carried forward in the third amended complaint will no longer be before the court.

Ehmann must support each claim with factual allegations. All complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are asserted against multiple defendants, the complaint should clearly indicate which claims apply to which defendants. *Renne*, 84 F.3d at 1178. Ehmann should specifically identify each defendant and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each claim.

**E. Conclusion**

I THEREFORE ORDER that the defendants' motions to dismiss **(ECF Nos. 24, 26) are GRANTED**.

I FURTHER ORDER that the plaintiff's motion to amend **(ECF No. 33) is DENIED**.

I FURTHER ORDER that if the plaintiff chooses to file a third amended complaint, he must do **by October 30, 2020**. If he fails to file an amended complaint by October 30, 2020, I will dismiss this case with prejudice.

DATED this 29th day of September, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE