# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ERIC EHMANN,

     Plaintiff,

v.

DESERT PALACE, LLC,
PARIS LAS VEGAS OPERATING
COMPANY, LLC,

     Defendants.

Case No.: 2:19-cv-01199-APG-BNW

**Order Granting
Motion to Dismiss**

[ECF No. 48]

Plaintiff Eric Ehmann sues Desert Palace, LLC and Paris Las Vegas Operating Company, LLC for alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Nevada Deceptive Trade Practices Act (NDTPA). Ehmann contends that the defendants conspired to conceal the odds of winning casino games, disseminated false information about the risks and consequences of casino gambling, and breached their duty to aid patrons who suffer from gambling dependence. Ehmann seeks monetary relief to compensate him for his gambling losses at the defendants' casinos. He also seeks to enjoin the defendants from activities associated with their alleged fraudulent enterprise.

I grant the defendants' motion to dismiss the third amended complaint (TAC). Ehmann's claims arise from fraud allegations, which he fails to plead with particularity under Federal Rule of Civil Procedure (FRCP) 9(b). I previously provided detailed curative instructions to Ehmann when I dismissed his second amended complaint (SAC) with leave to amend. Because the same deficiencies persist, I dismiss his TAC with prejudice.

/ / / /

/ / / /

I.   **BACKGROUND**

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion or to the extent that they have changed from the SAC.  I granted the defendants' motion to dismiss Ehmann's SAC, with leave for Ehmann to amend if he could cure the identified deficiencies. ECF No. 46.  Ehmann timely filed his TAC, in which he names only Desert Palace, LLC and Paris Las Vegas Operating Company, LLC as defendants.[1] ECF No. 47. Ehmann's claims against these two defendants in his TAC are the same as those in his previous complaint.

The defendants assert the same arguments in their present motion to dismiss that they asserted in their motion to dismiss the SAC.  Specifically, they contend that Ehmann does not plead fraud with the specificity required by FRCP 9(b), that Ehmann seeks to plead fraud by referencing non-actionable puffery, that Ehmann does not plead proximate causation as required by RICO and the NDTPA, and that Ehmann's claims are time-barred.  Ehmann responds generally that he pleads fraud in sufficient detail and fulfills his prima facie burden.  He also contends that he had no knowledge of the alleged fraudulent scheme before 2018, so his claims are timely.

II.   **ANALYSIS**

  **A.  Insufficient Pleading of Fraud**

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands

---

[1] Ehmann dropped these parties from the litigation: Caesars Enterprise Services, LLC; CPLV Manager, LLC; CEOC, LLC; Caesars Entertainment Corporation; Caesars Resort Collection, LLC; and the American Gaming Association.

more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted).

I apply a two-step approach when considering motions to dismiss.  First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013) (quotations omitted).  Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248 (quotation omitted).  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, I must determine whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, it has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation omitted).  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Ehmann must plead fraud with particularity under FRCP 9(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) (explaining that in civil RICO fraud claims, the circumstances constituting fraud shall be stated with particularity); *Horner v. Mortg. Elec. Registration Sys., Inc.*, 711 F. App'x 817, 818 (9th Cir. 2017) (dismissing an NDTPA claim for failure to comply with FRCP 9(b)).  Thus, he must (1) identify with specificity each of the statements he alleges the defendants made in their marketing promotions that were fraudulently deceptive and misleading, and (2) explain how each statement is false or misleading. *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding that proper pleading of fraud requires "the who, what, when, where, and how of the misconduct charged") (quotation omitted). Statements of opinion or puffery are not actionable because they are not objectively false statements. *See Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014); *see also In re All Terrain Vehicle Litigation*, No. 91-55475, 1992 WL 332105, at *4 (9th Cir. Nov. 10, 1992) (providing that puffery cannot serve as a basis for RICO claims); *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 111 (1992) (providing that puffery cannot serve as a basis for fraud claims).

All of Ehmann's claims in the TAC are grounded in fraud.  But he fails to plead with sufficient particularity to support his fraud claims.  He also bases his claims on non-actionable puffery.  Throughout the TAC, Ehmann references various combinations of ¶¶ 50-56, 59-63, 65-75, 80, 98-101, and 107-09 as particulars of the alleged fraud. *See, e.g*, ECF No. 47 at 18 ¶ 97. His SAC contained these same statements and, as explained in my previous dismissal order, they fail to meet the heightened pleading requirements for fraud under FRCP 9(b).  The "who, what,

1   when, where, and how" are absent.  Similarly deficient, Ehmann pleads statements that constitute

2   puffery or advertising by vaguely describing positive experiences that someone may enjoy

3   during a casino visit.  Other statements that Ehmann describes have no bearing on allegations of

4   fraud, others are legal conclusions, and many are statements made by non-parties rather than by

5   the defendants.  Because there are no well-pleaded allegations of specific instances of alleged

6   fraud, Ehmann's claims have not crossed the line from conceivable to plausible.  Therefore,

7   dismissal is again proper.

8           **B.  Dismissal without Leave to Amend**

9           Courts should "freely give leave [to amend] when justice so requires." Fed R. Civ. P.

10  15(a)(2).  However, district courts may deny leave to amend where there is undue delay, bad

11  faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

12  the opposing party, or where amendment would be futile. *Eminence Capital v. Aspeon, Inc.*, 316

13  F.3d 1048, 1052 (9th Cir. 2003).  Prejudice to the opposing party carries the most weight, but a

14  strong showing of another factor may also justify dismissal with prejudice. *Id.*

15          I provided Ehmann with detailed instructions on how to cure the deficiencies in his SAC,

16  yet his TAC remains substantially similar to its predecessor with the same deficiencies.  Because

17  Ehmann failed to cure those deficiencies, additional amendment would be futile and would only

18  further prejudice the defendants by subjecting them to more duplicative filings.  Consequently, I

19  dismiss Ehmann's TAC with prejudice.

20  **III.    CONCLUSION**

21          I THEREFORE ORDER that defendants' motion to dismiss **(ECF No. 48) is**

22  **GRANTED**.  The Clerk of Court is instructed to enter judgment in favor of defendants Desert

23

Palace, LLC and Paris Las Vegas Operating Company, LLC, and against plaintiff Eric Ehmann, and to close this case.

DATED this 24th day of September, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE